IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEDWARD CANDLER, | No. CIV S-07-1055-LEW-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| RIGNEY, et al., | |
|     Defendants. | |
| _____/ | |

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on June 4, 2007.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names M. Rigney and A. McKeough as defendants. Plaintiff states that, on January 23, 2005, he entered the prison dining area, retrieved his food tray, and proceeded to the designated seating area. After plaintiff was seated, he noticed a fight between two other inmates and then heard a staff order to "get down." Plaintiff states that he complied with this order. According to plaintiff, while he was sitting on the ground, defendant Rigney again gave the "get down" order. As he turned to face defendant Rigney, plaintiff felt a "burst of excruciating pain and pressure" in his face. Plaintiff states that he then noticed blood streaming down his chin and neck. Due to the pain and blood, plaintiff was unable to verbally seek assistance. So, he waved his bloody hands in the air to try to get the attention of correctional officers.

Plaintiff was taken to the medical clinic where he was examined by defendant McKeough, a prison nurse. Plaintiff states that the examination revealed that his upper lip had been "ripped open" by a shot fired by defendant Rigney. Plaintiff was treated with five stitches and pain medication. Plaintiff claims that, later that evening, the stitches began to come loose and the pain increased. Later, when plaintiff did see defendant A. McKeough again, he was told that it was normal for the stitches to come out on their own. Plaintiff was not given any

additional pain medication or treatment.

Plaintiff alleges that he received inadequate medical treatment from defendant McKeough and that, as a result, his lip is now disfigured and that he has lost feeling in his lip. As to defendant Rigney, plaintiff alleges that he used excessive force when he fired the shot that resulted in his lip injury. Plaintiff seeks $250,000.00 in compensatory damages, and $50,000.00 in punitive damages.

## II.  DISCUSSION

Plaintiff argues that defendant Rigney violated his Eighth Amendment rights by using excessive force. He also argues that defendant McKeough violated his Eighth Amendment rights by failing to provide adequate medical treatment.

The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

### A.  **Excessive Force**

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as

1  opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,
2  is applied to excessive force claims because prison officials generally do not have time to reflect
3  on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475
4  U.S. at 320-21.  In determining whether force was excessive, the court considers the following
5  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
6  between the need for force and the amount of force used; (4) the nature of the threat reasonably
7  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
8  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force
9  was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
10 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,
11 because the use of force relates to the prison's legitimate penological interest in maintaining
12 security and order, the court must be deferential to the conduct of prison officials.  See Whitley,
13 475 U.S. at 321-22.

14          In this case, plaintiff claims that defendant Rigney used excessive force.
15 However, plaintiff has not alleged facts to suggest that defendant Rigney acted maliciously and
16 sadistically in order to cause harm to plaintiff.  To the contrary, plaintiff admits that a fight
17 between two inmates had broken out in the dining hall and that correctional officers deemed it
18 necessary to give the "get down" order to all inmates present, including plaintiff.  Given that
19 plaintiff complied with the order, he appears to acknowledge the exigency of the situation.  At
20 best, it appears that plaintiff's lip injury was the result of an accidental shooting, and not the
21 result of deliberate indifference on the part of defendant Rigney.

22          **B.      Medical Treatment**

23          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
24 injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
25 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
26 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

1  sufficiently serious if the failure to treat a prisoner's condition could result in further significant
2  injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d
3  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
4  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
5  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
6  activities; and (3) whether the condition is chronic and accompanied by substantial pain. See
7  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

8    The requirement of deliberate indifference is less stringent in medical needs cases
9  than in other Eighth Amendment contexts because the responsibility to provide inmates with
10 medical care does not generally conflict with competing penological concerns. See McGuckin,
11 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
12 decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
13 1989). The complete denial of medical attention may constitute deliberate indifference. See
14 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
15 treatment, or interference with medical treatment, may also constitute deliberate indifference.
16 See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also
17 demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

18   Negligence in diagnosing or treating a medical condition does not, however, give
19 rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a
20 difference of opinion between the prisoner and medical providers concerning the appropriate
21 course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,
22 90 F.3d 330, 332 (9th Cir. 1996).

23   Here, plaintiff does not allege a complete lack of medical treatment. Rather, he
24 admits that he received emergency medical treatment from defendant McKeough. Plaintiff's
25 allegations go to the effectiveness of that treatment. Therefore, plaintiff's claim is based on
26 negligent treatment and not deliberate indifference to his medical needs.

Case 2:07-cv-01055-LEW-CMK   Document 10   Filed 08/21/07   Page 6 of 6


### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 17, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE